Filed 12/17/24  P. v. Lefall CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H051772 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. F2201946) |
| v. | |
| ANTHONY RAY LEFALL, JR., | |
| Defendant and Appellant. | |

## MEMORANDUM OPINION[1]

Defendant Anthony Ray Lefall, Jr. appeals from a judgment entered after conviction by plea.  Appointed counsel for Lefall has filed a brief asking this court to review the record to determine whether there are any arguable issues.  (See *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Lefall was advised of the right to file a supplemental brief but has not responded.  Finding no arguable error that would result in a disposition more favorable to Lefall, we affirm the judgment.

---

[1] We resolve this case by memorandum opinion under California Standards of Judicial Administration, title 8, standard 8.1.  (See also *People v. Garcia* (2002) 97 Cal.App.4th 847, 853–855.)

# I. FACTS AND PROCEDURAL BACKGROUND[2]

In June 2022, Lefall, together with codefendant Foster Carver Valrey, stole and attempted to steal items from Home Depot stores in Gilroy and Morgan Hill. When officers searched Lefall, they discovered a small amount of cocaine in his possession.

On December 15, 2022, Lefall was charged by complaint with grand theft (Pen. Code, § 487[3], subd. (a); count 1) and attempted grand theft (§§ 664, 487, subd. (a); count 2). Valrey was also charged in counts 1 and 2, as well as in two other counts.

On August 28, 2023, Lefall pleaded no contest to count 2 pursuant to a plea agreement in which he agreed to plead no contest to attempted grand theft in exchange for a two-year probationary sentence that would include, among other terms and conditions of probation, the following: credit for time served, an order to stay away from Home Depot stores, and a motion (which the district attorney would not oppose) that his conviction be reduced to a misdemeanor if he committed no new violations of law for one year. Lefall executed a written advisement of rights, waiver and plea form, which the court reviewed with him before taking Lefall's no contest plea.

The trial court sentenced Lefall on November 16, 2023. The court placed him on formal probation for two years, and ordered him, among other conditions of probation, to serve 20 days in the county jail with credit for time served of 20 days, not knowingly enter nor be within 30 feet of any Home Depot stores, and complete a substance abuse drug treatment program. The court dismissed count 1. The court waived all fines and fees pursuant to *People v. Dueñas* (2019) 30 Cal.App.5th 1157.

Lefall timely appealed.

---

[2] As Lefall was convicted by plea prior to a preliminary hearing, the facts are taken from the probation report prepared for his sentencing.

[3] All further unspecified statutory references are to the Penal Code.

## II.  DISCUSSION

We have reviewed the record under *Wende*, *supra*, 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106.  Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to Lefall.  We therefore affirm the judgment.

## III.  DISPOSITION

The judgment is affirmed.

_____
Danner, J.

WE CONCUR:


_____
Greenwood, P. J.



_____
Bromberg, J.

**H051772**
*People v. Lefall*